**SO ORDERED.**

**SIGNED September 30, 2014.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA


   IN RE:

   CONQUEROR MARINE LOGISTICS, LLC                CASE NO. 09-51321

        Debtor                                    Chapter 7
   ----------------------------------------------------------------
   IN RE:

   ENFORCER MARINE LOGISTICS, LLC                 CASE NO. 09-51323

        Debtor                                    Chapter 7
   ----------------------------------------------------------------
   ELIZABETH ANDRUS, TRUSTEE
   FOR CONQUEROR MARINE
   LOGISTICS, LLC,
        Plaintiff

   VERSUS                                         ADVERSARY NO. 13-05027

   JPMORGAN CHASE BANK, N.A.,
   SUPERIOR SHIPYARD & FABRICATION,
   INC., SOUTH COAST DIESEL, LLC,
   C&P DISTRIBUTION, LLC, ALLIED
   SHIPYARD, INC., AND COMAR
   MARINE, LLC, f/k/a COMAR MARINE
   CORPORATION f/k/a NAUTICAL
   OFFSHORE CORPORATION,
        Defendants
   ----------------------------------------------------------------
```

**ELIZABETH ANDRUS, TRUSTEE
FOR ENFORCER MARINE
LOGISTICS, LLC,**
    **Plaintiff**

**VERSUS**                                                       **ADVERSARY NO. 13-05028**

**JPMORGAN CHASE BANK, N.A.,
MARINE SYSTEMS, INC.,
SUPERIOR SHIPYARD & FABRICATION,
INC., SOUTH COAST DIESEL, LLC,
C&P DISTRIBUTION, LLC, ALLIED
SHIPYARD, INC., AND COMAR
MARINE, LLC, f/k/a COMAR MARINE
CORPORATION f/k/a NAUTICAL
OFFSHORE CORPORATION,**
    **Defendants**

---
## REASONS FOR DECISION
---

The present matters before the court are cross motions for summary judgment filed by JPMorgan Chase Bank, N.A., Comar Marine, LLC, and Superior Shipyard & Fabrication, Inc. These partial motions for summary judgment address whether the administrative expense claimants named as defendants are entitled to surcharge collateral that secures Chase's preferred ship mortgage and which allegedly secures Comar's claim. The court took the matter under advisement following oral argument. After considering the parties' arguments, the summary judgment record, and the relevant authorities, the court rules as follows.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule

13-05028 - #80  File 09/30/14  Enter 09/30/14 11:42:46  Main Document  Pg 2 of 11

83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

In September 2009, Conqueror Marine Logistics, LLC ("Conqueror"), Raider Marine Logistics, LLC ("Raider"), and Enforcer Marine Logistics, LLC ("Enforcer") filed for relief under Chapter 11 of the Bankruptcy Code. These three related debtors owned and operated 120-foot work boats. Each debtor owned a single boat. Enforcer owned the *Lady Ione*, Raider owned the *Captain Ron*, and Conqueror owned the *Lady Barbara*. Defendant Comar managed the debtors' vessels pre-petition under written management agreements. The debtors terminated these agreements prior to filing their Chapter 11 petitions on the grounds that Comar mismanaged the vessels. Comar contends that the debtors' actions breached the management agreements, and asserts liens against the three vessels based on labor and supplies provided in the operation of the vessels pre-petition. Prior to the commencement of the case, Comar had the three vessels arrested and commenced litigation in the U.S. District Court for the Western District of Louisiana. Comar asserted a preferred maritime lien against the vessels in the amount of $132,055.90. (Cause No. 6:09-CV-1438 and No. 6:12-CV-

-3-

13-05028 - #80  File 09/30/14  Enter 09/30/14 11:42:46  Main Document  Pg 3 of 11

1533). The district court ultimately ruled that Comar does not possess a preferred maritime lien on the vessels. An appeal from that decision is currently pending before the U.S. Court of Appeals for the Fifth Circuit.

After the commencement of the case, the court approved debtors' retention of Lafayette Work Boat Rentals and then Global Oilfield Contractors, LLC to manage the vessels. Lafayette Work Boat Rentals and Global Oilfield Contractors hired crews and sub-contractors to support the continued operation of the three vessels. On August 8, 2012, however, the court ordered that the case be converted from Chapter 11 to a case under Chapter 7, and Elizabeth G. Andrus was duly appointed the Chapter 7 Trustee. The court subsequently approved the sale of the *Lady Barbara* for $655,000. The net proceeds of the sale were $591,330.87. The court also approved the sale of the *Lady Ione* for $725,000. The net proceeds of the sale were $660,960.83. The court ordered that these funds be placed in the registry of the bankruptcy court. On July 17, 2013, the Trustee commenced the present adversary proceedings in the Conqueror Marine and Enforcer Marine cases. The Trustee seeks a ruling on the validity, extent, and priority of the liens asserted against the proceeds from the sale of the *Lady Barbara* and the *Lady Ione*. The Trustee named Chase and Comar as defendants. Chase asserts a preferred ship mortgage in the amount

of $1,169,231. Comar asserts a preferred maritime lien in the amount of $132,055.90. The Trustee also named four subcontractors in Conqueror Marine and five subcontractors in Enforcer Marine who seek administrative expense treatment of claims for supplies, repairs, and other services provided to the vessels after the petition date but prior to conversion (collectively, the "Administrative Expense Claimants"):

1. Marine Systems, Inc. Has filed notices of liens against Enforcer Marine for $95,000.00, $59,494.00, $20,256.83 and $34,336.00.

2. Superior Shipyard & Fabrication, Inc., which filed a claim in the amount of $17,702.83 in Conqueror Marine and in the amount of $48,740.19 in Enforcer Marine;

3. South Coast Diesel, LLC, which filed a claim in the amount of $21,263.50 in Conqueror Marine and in the amount of $2,782.92 in Enforcer Marine;

4. C&P Distributing, LLC, which filed a claim in the amount of $1,906.53 in Conqueror Marine and $845.93 in Enforcer Marine; and

5. Allied Shipyard, Inc., which filed a claim in the amount of $11,588.40 in Conqueror Marine and $9,053.60 in Enforcer Marine.

On July 23, 2013, the court granted Superior's motion to pay its claim as an administrative expense of the Chapter 11 estate under 11 U.S.C. § 503. In response to Superior's motion, the Trustee represented that there was less than $25,000 in the estate to pay administrative claims. Given the lack of unencumbered property to pay all administrative claims in full, the

-5-

Administrative Expense Claimants argue that their administrative expense claims should be surcharged against the proceeds of the vessels under 11 U.S.C. § 506(c). The present motions for partial summary judgment address the status of these section 506(c) claims.

**DISCUSSION**

11 U.S.C. § 506(c) provides that a trustee "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim...." This power to "surcharge" a secured creditor's collateral is an exception to the general rule that administrative claims are payable from unencumbered estate property and not from a secured creditor's collateral. See, In re McCombs, 436 B.R. 421, 448 (Bankr. S.D. Tex. 2010) (citing In re Delta Towers, Ltd., 924 F.2d 74 (5th Cir. 1991)). The elements of a surcharge claim under section 506(c) are (1) that the expenditure in question was necessary, (2) the amount expended was reasonable, and (3) the secured creditor benefitted from the expenditure. In re P.C., Ltd., 929 F.2d 203, 205 (5th Cir. 1991). The Trustee must establish that any benefit to the affected secured creditor was "concrete and quantifiable," and that the expenditures were made "primarily" to benefit the secured creditor. Id.; In re Felt Mfg., Co., Inc., 402 B.R. 502, 523 (Bankr. D.N.H. 2009).

-6-

As a threshold matter, the Administrative Expense Claimants must establish that they have standing to assert a surcharge claim under section 506(c). On its face, section 506(c) grants **a trustee** standing to request a surcharge, not creditors. In <u>Hartford Underwriters Ins. Co. v. Union Planters Bank</u>, 530 U.S. 1, 6 (2000), the Supreme Court held that creditors holding administrative claims lack standing to assert an independent surcharge claim under section 506(c). <u>Hartford Underwriters</u> thus bars the Administrative Expense Claimants from asserting an independent surcharge claim. The Supreme Court did not, however, expressly address the question of derivative standing in cases where the trustee cannot or will not pursue a section 506(c) surcharge claim. Courts have often permitted creditor committees to pursue to estate claims in Chapter 11 cases. However, some courts have questioned the statutory basis for derivative standing in Chapter 7 cases. <u>See</u>, <u>e.g.</u>, <u>In re Cooper</u>, 405 B.R. 801, 809 (Bankr. N.D. Tex. 2009) ("This court is of the view that derivative standing should be viewed very differently in the Chapter 7 arena.")

Assuming, *arguendo*, that derivative standing is available in a Chapter 7 case, the undisputed facts preclude the Administrative Expense Claimants from asserting a derivative claim under section 506(c). Derivative status may be granted by the court in the Chapter 11 context when the estate possesses a colorable cause of

-7-

action and the debtor-in-possession has "refused unjustifiably to pursue the claim...." In re Louisiana World Exposition, Inc., 858 F.2d 233, 247 (5th Cir. 1988). Courts have generally rejected derivative standing to assert a section 506(c) surcharge claim where the recovery benefits only the administrative claimants and does not benefit the estate as a whole. See In re Suntastic USA, Inc., 269 B.R. 846, 847-50 (Bankr. D. Ariz. 2001); In re Smith International Enterprises, Inc., 325 B.R. 450, 456 (Bankr. M.D. Fla. 2005). Courts have held that a surcharge claim under 506(c) does not benefit the estate where the secured creditor's collateral has already been liquidated and there is no equity for the estate. See In re Powell International, Inc., 2013 WL 3497668 at * 4 (9th Cir. BAP 2013). In the present case, there is no equity from the sale that would enure to the benefit of the estate. If the Administrative Expense Claimants recover their claims out of the proceeds of the vessels, this recovery will benefit only these claimants and no other creditors. Moreover, the Administrative Expense Claimants cannot rely on In re Goodship Appledore, Ltd., 122 B.R. 821 (Bankr. D. Me. 1990) to support an independent surcharge claim under section 506(c) because that case was decided prior to the Supreme Court's rejection of independent section 506 surcharge claims by creditors in Hartford Underwriters.

Even if the Administrative Expense Claimants are entitled to assert a surcharge claim derivatively under section 506(c), they cannot satisfy the requirements for a surcharge claim. Specifically, in order to surcharge the proceeds from the vessels, the Administrative Expense Claimants must establish that the expenses ***primarily and directly*** benefitted the creditors with a mortgage or lien on the vessels. The undisputed facts establish that the labor, supplies, repairs, and other services provided by the Administrative Expense Claimants were provided to enable the debtor's operations while the case was in Chapter 11. While the ongoing operation of the vessel may have benefitted the estate as a whole, it did not primarily and directly benefit creditors with a mortgage or lien on the vessels. Indeed, continued operation of the vessels arguably put Chase and Comar (if its lien is upheld) in a worse position because of depreciation from continued operation of the vessels even with regular upkeep and repairs. In contrast, the types of expenses that primarily benefit a secured creditor include appraisal fees, auction fees, storage fees, and other expenses incurred in the sale of collateral for the benefit of a secured creditor or costs incurred to preserve collateral pending a sale. See, e.g., In re Swann, 149 B.R. 137, 143 (Bankr. D.S.D. 1993).

-9-

13-05028 - #80 File 09/30/14 Enter 09/30/14 11:42:46 Main Document Pg 9 of 11

Finally, the Administrative Expense Claimants attempt to re-package their surcharge claim as an unjust enrichment claim. According to the Administrative Expense Claimants, the "estate would be unjustly enriched if the administrative claimants were not reimbursed for their expenditures." The flaw in this argument is that the estate is likely administratively insolvent and there is no unencumbered property available to estate creditors other than the creditors with a security interest in the vessels. These facts preclude any argument that the estate was unjustly enriched by expenses incurred to support the debtor's brief period of operation during the Chapter 11 case. Moreover, this unjust enrichment argument would result in an impermissible end-run around <u>Hartford Underwriters</u>. In sum, Chase and Comar are entitled to a partial summary judgment declaring that the Administrative Expense Claimants are not entitled to surcharge the proceeds of the sale of the *Lady Barbara* and the *Lady Ione* under section 506(c) or under any theory of unjust enrichment.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** the motions for partial summary judgment filed by Chase and Comar and rules that the Administrative Expense Claimants cannot, as a matter of law, surcharge the proceeds of the *Lady Barbara* and the *Lady Ione* under 11 U.S.C. § 506(c). The motion for designation of priority

administrative expense under 11 U.S.C. § 506(c) filed by Superior [Docket No. 479] – which was consolidated with this adversary proceeding – is **DENIED**.  The motion for summary judgment filed by Superior is also **DENIED**.  Counsel for movants shall submit orders in conformity with the foregoing reasons within 20 days.

###